# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| RICKIE A. WHEAT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 6:09-CV-03142-DGK |
| | ) | |
| PHILIP MORRELL, and | ) | |
| WHISPERIDE, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER PARTIALLY LIMITING EXPERT TESTIMONY

This case arises out of the parties' business relationship. Plaintiff Rickie Wheat ("Wheat") alleges Defendants Philip Morrell ("Morrell") and Whisperide, LLC ("Whisperide") owe him approximately $800,000 for services rendered and personal property delivered to Defendants, and $4,000,000 for conversion of a patent on a horse bridle and trademark infringement.

Presently before the Court is Defendants' Motion To Limit Rickie Wheat's Expert Testimony to His Expert Affidavit and Strike Certain Portions of Wheat's Expert Affidavit (Doc. 89). Defendants seek to (1) limit Wheat's expert testimony to the contents of his January 22, 2010 affidavit; (2) exclude any testimony concerning the wholesale and retail pricing for the Noavel headstall; and (3) exclude any testimony relating to the value of the stock trailer and the sixteen horses identified in the pleadings. The Court rules as follows:

1. Wheat's testimony as an expert witness is limited to the content disclosed in his January 22, 2010 affidavit. Because Wheat's affidavit does not mention any experience or training with respect to patent or trademark issues, he will not be permitted to testify as an expert on these subjects. He will, of course, be permitted to give lay testimony on these subjects. For example, he may testify about offers he received to purchase the Noavel patent and trademark.

2. Wheat's testimony that he currently sells the Noavel headstall at a wholesale price of $100 and at a retail price of $150 is not expert testimony; it is testimony a lay witness may provide. Defendants' argument that this testimony is not relevant should be raised in a motion in limine, not a motion to strike.

3. As discussed in the Court's summary judgment order, any claims involving the 16 horses are not properly part of this case because Wheat has conceded that his wife owns these horses, and the horses were sold as part of a separate agreement between Defendant Morrell and Wheat's wife who is not a party to this case.

To the degree Wheat's testimony concerning the value of the trailer and the horses is relevant to this case, the Court will not exclude it on the grounds that such testimony requires an expert opinion or that Wheat's affidavit does not provide sufficient facts or data to render an opinion on this subject. Under Missouri law the owner of personal property may testify without further qualification about the reasonable market value of his or her personal property, thus assuming Wheat owns[1] the trailer he may testify about its value. *See Delgado v. Mitchell*, 55 S.W.3d 508, 512 (Mo. Ct. App. 2001). Even if he is not the owner the Court will permit him to testify as an expert about its value, because in his affidavit Wheat indicates he has been "a horse trainer and horse and tack trader and retailer for the past 30 years," experience which has invested him with sufficient facts and data to qualify him as an expert concerning the value of a stock trailer used to haul horses.

**IT IS SO ORDERED.**

Date: September 3, 2010         /s/ Greg Kays
                                GREG KAYS, JUDGE
                                UNITED STATES DISTRICT COURT

---

[1] It is unclear whether Wheat or his wife owned the trailer.