**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| RICKIE A. WHEAT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 6:09-CV-03142-DGK |
| | ) | |
| PHILIP MORRELL, and | ) | |
| WHISPERIDE, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DENYING MOTION IN LIMINE

This case arises from a business relationship between the parties. Plaintiff Rickie Wheat

alleges Defendants Philip Morrell and Whisperide, LLC owe him approximately $800,000 for

services rendered and personal property delivered to Defendants, and $4,000,000 for conversion

of a patent on a horse bridle and trademark infringement.

Now before the Court is Defendants' Motion In Limine (doc. 119). Defendants seek an

order prohibiting Wheat from arguing or presenting evidence that he delivered headstalls, reins,

or some combination of the two, which had a total cost of production exceeding $88,778.

Defendants argue that Wheat is quasi-estopped from doing so because his 2007 Federal Income

Tax Return, which was filed under penalty of perjury, is inconsistent with such an assertion.

Defendants argue Wheat underreported his inventory to the IRS, and that because he "has

already accepted the benefits, illegitimate as they may be, of underreporting his inventory as

compared to his claims asserted in this case," the Court should invoke the doctrine of quasi-

estoppel and preclude him from offering testimony "of a quantity of inventory that is not

supported by, cannot be discerned from, or is otherwise inconsistent with his sworn 2007 tax

return."

In response, Wheat acknowledges that the tax returns "may provide Defendants with cross-examination fodder," but argues the returns are not the only relevant evidence.

Defendants previously raised this argument in their partial motion for summary judgment (doc. 91). At that time the Court observed,

> Defendants are essentially arguing that Wheat is estopped from claiming he delivered any inventory that cannot be discerned from his federal tax return. Defendants have not, however, cited any persuasive caselaw for this proposition. While the apparent discrepancy between the amount of equipment Wheat alleges to have delivered and the amount he reported in his tax return may well provide fertile ground for cross-examination, it does not as a matter of law preclude Wheat from claiming to have delivered 4,210 headstalls and 2,014 sets of reins. There are innocent explanations for the discrepancy; for example, Wheat or his preparer could have made a mistake on his tax returns. And even if Wheat had committing perjury by knowingly submitting false tax returns it would not mean he did not deliver the amount of equipment he alleges he delivered. While it would diminish his credibility and adversely affect his case in other ways, credibility is determined at trial, not on a motion for summary judgment.

(Doc. 113 at 7-8.)

The Court's position has not changed. Although Defendants have gamely argued that the doctrine of quasi-estoppel permits the Court to prohibit Wheat from offering testimony that is inconsistent with his 2007 tax returns, the Court is not persuaded. The caselaw on this point is thin, and Defendants have not cited a single analogous case where the doctrine has been successfully invoked. Defendants' argument goes to the weight evidence that is inconsistent with the tax return should be given, not its admissibility.

Accordingly, the Motion In Limine is DENIED.

**IT IS SO ORDERED.**

Date:  February 7, 2011                          /s/ Greg Kays
                                                 GREG KAYS, JUDGE
                                                 UNITED STATES DISTRICT COURT