# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| RICKIE A. WHEAT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 6:09-CV-03142-DGK |
| | ) | |
| PHILIP MORRELL, and | ) | |
| WHISPERIDE, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ON MOTION TO ENFORCE SETTLEMENT AGREEMENT

This case arises from a business dispute between the parties over services rendered and property delivered to Defendants, as well as ownership of a patent and trademark related to a horse bridle. Now before the Court is Defendants' Motion to Enforce Settlement Agreement (doc. 150).

The history of the settlement is as follows. On February 17, 2011, the parties reached an agreement resolving all the remaining claims in the case. Magistrate Judge England recited the material terms of the agreement on the record. The settlement terms were acknowledged and agreed on the record by counsel for both parties in the presence of their clients. The agreement was subject only to the parties and their counsel working out the exact language of the mutual releases and an unlimited global license for Defendants to manufacture and sell headstalls using Plaintiff's design.

Over the following weeks, and now months, counsel for the parties exchanged numerous communications concerning drafts of the agreement language. On April 15 the parties reached a final written agreement, but Plaintiff's counsel refused to furnish Defendants with an executed copy of the agreement, because Plaintiff's current local counsel and prior counsel had asserted

statutory attorney liens under Mo. Rev. Stat. § 484.130. As a result, defense counsel advised Plaintiff's counsel that the settlement check would be made payable to Plaintiff and his current and prior counsel, as required by § 484.130. In response, Plaintiff refused to conclude the settlement. On April 21, the Court ordered the parties to file the appropriate settlement documents or a status report on or before May 12, 2011. On May 11 Defendants filed the pending motion, seeking an order enforcing the settlement agreement and recovery of their reasonable attorneys' fees incurred in filing the motion.

On May 31 Plaintiff filed a one paragraph response asserting that the motion was moot because "[t]his case is settled. The plaintiff has signed the settlement agreement, which has been provided to counsel for defendant. The outstanding attorney liens have been negotiated and resolved by agreement. All that remains in this action is the distribution of the settlement proceeds."

On June 3 Defendants filed their reply acknowledging receipt of an executed settlement and license agreement, but noting that distribution of the settlement proceeds is not all that remains: Plaintiff must also execute a receipt acknowledging payment, and then the parties must file a joint stipulation for dismissal with prejudice. Defendants also suggest they are still entitled to their reasonable attorneys' fees because the delay in settling the case, the lien dispute, had nothing to do with them and provided no legitimate basis for withholding the executed settlement document, and forced them to spend money on attorneys' fees filing the pending motion.

It appears to the Court that the case is very nearly settled and should be completed within a short period of time, so the motion is nearly moot. The one portion which is not moot is Defendants' request for attorneys' fees. This is not an unreasonable request, and the Court will take this request under advisement for 30 days or until this case is disposed of, whichever occurs

first. At that time the Court will rule on whether to award attorneys' fees. The Court's decision will be informed by Plaintiff's diligence to date, as well as Plaintiff's diligence going forward in promptly discharging his remaining responsibilities under the settlement agreement.

Accordingly, the motion (doc. 150) is taken UNDER ADVISEMENT.

**IT IS SO ORDERED.**

Date:  June 13, 2011                                /s/ Greg Kays
                                                                GREG KAYS, JUDGE
                                                                UNITED STATES DISTRICT COURT